Pino v Behrman (2019 NY Slip Op 00198)





Pino v Behrman


2019 NY Slip Op 00198


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7863 805632/15

[*1]Richard Pino III, Plaintiff-Appellant,
v
David A. Behrman, DMD, Defendant-Respondent, Richard D. Faber, DDS, Defendant.


Joel M. Kotick, New York, for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 10, 2017, which, to the extent appealed from, granted the motion of defendant David A. Behrman, DMD (Behrman), for summary judgment dismissing the dental malpractice cause of action, and denied plaintiff's cross motion for summary judgment on the same cause of action, unanimously modified, on the law, to deny Behrman's motion, and otherwise affirmed, without costs.
Behrman failed to establish entitlement to judgment as a matter of law on the dental malpractice cause of action. In support of his motion, Behrman relied on his own affidavit, which set forth a factual account of plaintiff's appointments and treatment and provided broad statements that he did not deviate from accepted standards of dental practice. Although Behrman opined that the surgeries were reasonable and indicated for plaintiff, he did not explain, objectively, what the accepted standards of dentistry were that supported such determination. Nor did Behrman explain why the surgeries were appropriate to achieve better occlusion. Accordingly, Behrman's conclusory statements were insufficient to show that he did not depart from good and accepted dentistry and did not rely on any objective evidence (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Santiago v Filstein, 35 AD3d 184, 186 [1st Dept 2006]).
Plaintiff also failed to make a prima facie showing that Behrman deviated or departed from accepted standards of dental practice in his treatment of plaintiff, proximately causing his injuries (see Jackson v Presbyterian Hosp. in City of N.Y., 227 AD2d 236 [1st Dept 1996], lv denied 88 NY2d 812 [1996]). Neither of plaintiff's experts stated that the surgeries Behrman performed were contraindicated for plaintiff or that those surgeries were not acceptable treatments to achieve better occlusion. Although plaintiffs' experts opined that Behrman should have consulted with a dentist or periodontist prior to the second surgery, there is no evidence that Behrman's failure to consult proximately caused plaintiff's injuries.
Furthermore, Behrman did not appeal from the motion court's denial of his summary judgment motion with respect to the lack of informed consent cause of action, and we decline his request to search the record and dismiss the claim. In any event, the record shows that triable issues exist as to whether plaintiff was informed of the elective nature of the surgeries. Behrman's notes and the consent forms signed by plaintiff indicate that plaintiff was informed of unspecified alternative treatments, including no treatment. Behrman also stated that he informed plaintiff of the elective nature of the treatment prior to the first surgery and discussed the nature of the second surgery prior to that procedure. On the other hand, plaintiff stated that he was never informed of the elective nature of the procedures and that he would not have undergone [*2]that treatment if he had known it was elective.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK